May it please the court. This case involves the question of whether a deliberate ignorance instruction can ever be used when the issue at trial is the defendant's knowledge of the law. By way of background, this case is a single-count smuggling indictment involving the smuggling of goods outside of the United States. The allegations in the indictment involved the alleged smuggling of firearms from the United States to Liberia. Prior to trial, there was litigation over the issue of whether knowledge was a requirement of the operative statute 18 U.S.C. section 554, which at the time of trial was a relatively new statute. The district court ruled that the government had to prove knowledge of the law as an element of the offense. At trial, there was no dispute that the guns at issue were shipped, which left for dispute only the issue of whether Mr. Galimah had knowledge that shipping them in the manner they were shipped was contrary to the law. And so the district court instructed the jury as to the element of knowledge, but in the same jury instruction, jury instruction number 16, included a deliberate ignorance clause or set of sentences, which told the jury that knowledge could be inferred as to the issue of knowledge of the law if the defendant deliberately closed his eyes. The position that the defense is taking here is that under no circumstances when the law requires knowledge on the part of the defendant, as opposed to just knowledge of the facts that something illegal is happening, when that is at issue, deliberate ignorance can never be an instruction offered to the jury. As a starting point, the judge, the district judge in this case, did adopt a portion essentially of the eighth circuit model jury instruction. And while that jury instruction is not binding law as to the district court's decision or this court's decision, it does something very valuable for this argument. It synthesizes the opinions of this court as to the issue of deliberate ignorance. And it explains, by way of its use, how it is used in other cases and how it has been used. And it identifies one operative word that matters, the word facts. Facts, that word is used throughout the jury instruction to describe when closing one's eyes matters for purposes of what a jury can infer. Facts are referenced many times. And it actually uses what is the typical case where deliberate ignorance matters, and that's a drug case, where the defendant is alleged to have transported drugs but not knowing the facts of what was happening. It actually uses the phrase to show an example of the fact that is the knowledge in question. In quotes, this is model instruction 7.04, when drugs were contained in the suitcase. In other words, the model instruction holds that up as the standard, typical situation where closing one's eyes is something that a jury should pay attention to. I noted in preparing for this argument that the model instruction that we used at trial was the 2011 version, and the 2013 version is essentially the same, but there are clauses modified in the new version that are stronger on the use of the phrase facts and the word facts. Beyond the language of the jury instruction itself, the committee comments discuss that the instruction is proper when the issue at trial is whether the defendant closed his eyes to facts that would put him on notice that illegal conduct was occurring. Now, this court's . . . That all suggests to me that that's the situation in which the case normally arises, but what's the logical reason why this instruction wouldn't apply to any time knowledge is an element. Because for one, there is, I think, an intellectual distinction between the idea of a defendant saying, I didn't know that I was carrying drugs, or I didn't know that fraud was afoot in terms of the actual facts of the case, and when the law requires the government to have the burden to prove the defendant's state of mind as to knowledge. By using a deliberate ignorance instruction, it has the potential to have the jury shift the burden and believe that the defendant has some obligation that the defendant does not have. That's arguably true in any time that instruction is given, isn't it? Understood, but what the instruction has been targeted at, and to what I can see from the cases, is this question of closing your eyes to facts that matter. I mean, maybe the best way to answer the court's question is that when it's always been applied that way, and I'm not suggesting that there aren't decisions that get close to this issue, which the government will talk to you about, but that is where it's been typically employed, and so that is where the law resides. Well, isn't that probably simply because it's kind of an unusual statute that requires the government to prove that the defendant knew of the law? My best guess, I don't know, it seems that there would be one response to what you're saying is that it's just because it doesn't happen very often. Well, I agree that it's an unusual statute. There are many other statutes that both require knowledge to be proven by the government, and then in a separate set of doctrines, willfulness as well, and I cannot find a case, and the district court could not find a case, as I understood it, that asks this question, which is, is it, from a legal perspective, appropriate to apply it? But it's knowledge of the law. I mean, I think that is an unusual scenario in federal criminal law, correct? You had to kind of battle to get that. We did have to battle, Your Honor. And so, maybe it's just a matter of numbers. That could be true, but it's not like it has, it's not like it's a doctrine that doesn't exist and has never been tested, both at the district court level and the appellate level. As we researched this statute, both sides, it was clear that it was imported from a separate statute that I believe, no pun intended, involved importation as opposed to exportation of goods, and several district courts had wrestled with the issue of jury instructions, but it's hard for me to believe that the issue is just so unusual that it's never come up. So, what's the danger in applying it in your scenario that doesn't already exist in applying it in your traditional willful blindness of facts? What's the added danger? The distinction of facts in terms of what a defendant knows when ignorance is not a defense. Ignorance is not a defense in the case of, I didn't know it was illegal to have drugs in my suitcase. If you knew the drugs were in your suitcase and you were willfully blind, you are guilty. But there's a distinction here where knowledge of the law is the issue for the jury to decide. And if a different burden is applied, if a different mens rea is inferred by the addition of a deliberate ignorance instruction, it puts a burden on the defendant that should not be there constitutionally and just under the facts of the case. And as I see the way that courts have analyzed this question, the question has never been, is it the law? Is it a legal decision that it should apply, the deliberate ignorance instruction? It's always been the quantum of evidence question of, has there been enough presented to the jury to justify the district court giving the instruction? And so the issue simply hasn't come up and been teed up for the court to answer. That I think is the clarity that I want to bring to positionally where we are. I see I have just a minute and 50 seconds left. I'll reserve for rebuttal. All right. Very well. Thank you. Mr. Dunn, we'll hear from you. Thank you, Your Honor. May it please the court. Mr. Aligata. Um, my name is Andrew Dunn. I am an assistant United States attorney. I represented the United States both at the trial and on appeal. Um, the main argument that, uh, is contained in our brief is that the district court's instruction to the jury regarding deliberate ignorance was supported by the case law, supported by the evidence presented at trial and worded by judge Montgomery in a way that heeded the concerns expressed by this court. So it's not to risk a jury's inference of knowledge on the part of the defendant based upon negligence, carelessness or mistake. Um, Mr. Aligata, both below and on appeal has urged this distinction between knowledge of the law and knowledge of a fact. Um, the response that the United States has to that argument is twofold. Number one, I would point the court's attention to judge Montgomery's statement about that. She addressed it head on and rejected it. It's page 15 and 16 of our brief and in her order denying the motion for a new trial, it's district court document 55 at 9 and 10. In essence, she stated that the distinction between knowledge of fact and knowledge of the law is not useful. It goes to someone's mens re. Did the defendant know his or her conduct was illegal? That is a factual question for the jury to determine. If there is substantial evidence presented at trial that a defendant deliberately closed his or her eyes to learning facts that implicate that knowledge, then a deliberate ignorance instruction is appropriate. That's her ruling. It's supported by the case law. I will tell you about the case. Look, if you look at the criminal statutes that we prosecute, many of them are general intent crimes where the element of knowledge goes to knowledge of a fact, felon in possession of a firearm. The knowledge is whether the defendant knowingly possessed the firearm, not whether the defendant knew he was prohibited from possessing a firearm. Those cases talking about the appropriateness of a deliberate ignorance instruction to those general intent crimes talk about fact because that's what they're dealing with. There are also statutes that are more specific intent that go to the knowledge element in the essential elements of the offense as knowledge of the law, knowledge of a known legal duty, tax fraud cases, securities fraud cases, important export violations. Those cases talking about whether or not it's appropriate to give a deliberate ignorance instruction in those kind of cases talk about knowledge of the law, knowledge of the known legal duty. They don't talk about fact because they're not dealing with fact. They're dealing with the knowledge of the law. It is a fact. Well, it . . . It's a fact that the government has to prove. Absolutely. It's a fact that goes to the jury. It doesn't just fall right in with the other cases on deliberate ignorance. It seems to me we're kind of . . . we go astray if we get caught up on whether this element is a fact or something else. To me, it seems clearly a fact. It's a fact of whether the defendant had that knowledge. I agree, Your Honor. I guess my point was none of those cases make the distinction that Mr. Aligata is making here today because there is no distinction. Someone's knowledge is based upon facts. In this case, the firearm forms that he had filled out on five separate occasions had a specific notification regarding the export of firearms. The U.S. PPI, principal party and interest form that he had to fill out to declare those items, declared it. You cannot violate import-export laws regarding the items that you shipped. The freight forwarder who testified at trial specifically told the jury that he advised the defendant he couldn't ship anything illegally in these overseas shipments. Those are all facts, but they're facts that formulate a defendant's knowledge. If you have an element in a case where a defendant claims to lack the knowledge and there's substantial evidence that he was put on the law regarding his illegal activity because of certain facts and that he concealed his activity anyway, if there's substantial evidence to support giving that deliberate instruction, the court is permitted to do so as long as it heeds the caution of this court, which is you can't infer knowledge based upon negligence, carelessness, or a mistake, which is exactly the instruction that was given by Judge Montgomery in this case. Unless the court has any other questions, I'm just going to rely on my brief. All right. Thank you, Mr. Dunn. We'll hear from Mr. Aligata in rebuttal for a minute and 48 seconds. I think we've teed the issue up well. I will just point to the Eighth Circuit decisions that are both contained in the jury instruction and have been at issue in both of our briefs. Specifically to fraud cases, to distinguish from the idea of the fact of a briefcase containing drugs, in fraud cases such as Whitehill, such as Barnard, which are part of the jury instruction body of law that's used, the issue in those cases was the question of things like false payments being prepared, receipts and invoices that showed illegal activity with regard to fraud. Those are facts. Those are not the question of a person's mens rea or intent. It's a question of, even in a fraud context, not in just the fact of carrying drugs, that is distinguishing from, in this case, knowledge of the law. I think that the answer to the Court's question is, why hasn't this come up? I don't know the answer to that, but when it has come up, particularly in front of this Court, it has clearly been about the facts. And I will say that, again, I'm inferring from the change in the jury instructions, the model jury instruction between 2011 and 2013, may have been influenced by a Supreme Court case, Global Tech Appliances, the site is 131 Supreme Court, 2060. The actual quotation in that case discusses the high probability that a fact exists and that a defendant take deliberate actions to avoid learning those facts. Under all these circumstances, I ask for this Court to reverse to the District Court and order a new trial based on the Court's error of including the court will file an opinion in due course.